BRAD A. MOKRI, SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (888) 342-1406
E-mail: bmokri@mokrilaw.com

Attorney for Plaintiff:
MK MANAGEMENT INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MK MANAGEMENT INC., a California Corporation,<br><br>Plaintiff,<br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation authorized to do business in California and also known as The Hartford; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 8:19-cv-01567 DOC (ADSx)<br>*[Hon. David O. Carter/Ctrm 9D]*<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLIANT PURSUANT TO FRCP 12B(6)**<br><br>Hearing Information:<br>Date: September 23, 2019<br>Time: 8:30 A.M.<br>Courtroom: 9D<br><br>*State court action filed: July 15, 2019*<br>*Trial Date: None set* |

TO THE COURT, AND TO ALL PARTIES, AND THEIR COUNSEL:

MK MANAGEMENT, INC., ("PLAINTIFF"), respectfully submits this Response in Opposition to the Motion to Dismiss filed by HARTFORD CASUALTY INSURANCE COMPANY ("DEFENDANT").

/ / /

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ 2
TABLE OF AUTHORITIES ..................................................................................... 3
I. INTRODUCTION ................................................................................................. 4
II. FACTS ................................................................................................................... 4
III. ARGUMENT - Defendant's Motion Should Be Denied ............................. 5
    A. Background Regarding the Relationship Between DEFENDANT and Sentinel. ............................................................................................................. 5
    B. Applicable Legal Standard ................................................................. 6
    C. DEFENDANT is not a Stranger to the Insurer- Insured Relationship. ......... 7
    D. PLAINTIFF's Complaint meets Fed.R.Civ.P. 8(a) pleading Requirements. ...................................................................................................... 11
    E. The Misrepresentation Claim Has Been Adequately Plead ......................... 12
    F. Punitive Damages Havbe Been Alleged with Sufficient particularity. ....... 13
IV. CONCLUSION ................................................................................................. 14
CERTIFICATE OF SERVICE .............................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007).................................................................................................7

*Castaneda v. Ensign Group, Inc.*, 229 Cal.App.4th 1015 (2014) .......................9

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d at 1329 (Fed. Cir. 2009)..........13

*Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).......................7

*Guerrero v. Superior Court*, 213 Cal.App.4th 912 (2013) .................................9

*Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, 245 Cal.App.4th 821, 845 (2016)..........................................................................................12

*McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).......7

*McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354 (Fed. Cir. 2009)..............................6

*National Audubon Soc., Inc. v. Davis*, 307 F. 3d 835 (9th Cir. 2002)..................6

*Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 73871, *15 (N.D. Ill. Aug. 20, 2009) ................................................................7

*Sanchez v. Sentinel Insurance Company, Ltd.*, No. CV 15-00345 WJ/KK (United States District Court, D. New Mexico, June 29, 2015)........................8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2007).........................................6

*Simonian v. Cisco Systems, Inc.*, 1:10-cv-01306 (N.D.Ill., July 29, 2010).............12

**Statutes**

Cal. Corp. §1107 ..................................................................................................8

Cal. Insurance Code §826......................................................................................9

**Federal Rules**

FRCP 12(B)(6).....................................................................................................6

FRCP 8(a)...........................................................................................................11

FRCP 8(a)(2).......................................................................................................11

FRCP 9(b)...........................................................................................................13

## I. INTRODUCTION

DEFENDANT's current motion is in response to PLAINTIFF's complaint (COMPLAINT) for Breach of Written Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing, Unfair Business Practices, Common Counts, Intentional and Negligent Misrepresentation, and False Promise.

DEFENDANT asserts that the policy of insurance under which PLAINTIFF has brought this action was not issued by it but by another entity known as Sentinel Insurance Company, Limited. As such, DEFENDANT concludes, it cannot be held to answer for any of PLAINITFF's claims and causes alleged and thus the Complaint must be dismissed.

PLAINTIFF, however, asserts that Sentinel is a subsidiary that is wholly owned by DEFENDANT and in that regard designation of Sentinel as the "insurer" is a matter of legal form and not substance because DEFENDANT has one hundred percent (100%) control over Sentinel's corporate functions.

For purposes of DEFENDANT's motion, PLAINTIFF will address the following issues: **(a)** DEFENDANT's role in the insurance contract; **(b)** the sufficiency of the Breach of Contract Cause of Action; **(c)** the sufficiency of the Breach of the Covenant of Good Faith and Fair Dealing Cause of Action; and **(d)** the Sufficiency of the allegations in support of the prayer for punitive damages.

## II. FACTS

On March 3, 2019 PLAINTIFF filed a lawsuit against Ecom Direct, Inc. ("Ecom") and others, in Orange County Superior Court, alleging that Ecom failed to pay PLAINTIFF for over $832,729 in laptop computers that PLAINTIFF sold and delivered to Ecom.

PLAINTIFF alleged that all checks Ecom provided to PLAINTIFF for its

laptop purchases "bounced" due to non-sufficient funds.

On July 31, 2019 PLAINTIFF filed its lawsuit against Hartford in Orange County Superior Court asserting claims for: (1) breach of written contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unfair business practices; (4) common count; (5) intentional misrepresentation; (6) negligent misrepresentation; and (7) false promise.

The State Court action against DEFENDANT was initiated after DEFENDANT, and not Sentinel, denied PLAINTIFF's claim on or about April 9, 2019.

DEFENDANT removed the case to this Court

### III. ARGUMENT: DEFENDANT's Motion to Dismiss Should be Denied

#### A. Background Regarding the Relationship Between DEFENDANT and Sentinel

DEFENDANT operates under the umbrella of The Hartford Financial Services Group, Inc. ("The Hartford") which is a financial holding company for a group of insurance and non-insurance subsidiaries (collectively referred to as "subsidiaries") that provide property and casualty, group benefits and investment products to both individual and business customers in the United States and continues to administer life and annuity products previously sold.

Sentinel is part of the family of the Hartford Financial Services Group, Inc., and operates as a wholly owned subsidiary of DEFENDANT and in that role is owned, governed, and controlled by DEFENDANT with reference to its operations, administrative functions, and By-Laws.

A subsidiary company is considered wholly owned when another company, the parent company, owns all of the common stock. There are no minority

shareholders. The subsidiary's stock is not traded publicly. But it remains an independent legal body, a corporation with its own organized framework and administration. Its day-to-day operations are likely directed entirely by the parent company, however, in this case, DEFENDANT.

DEFENDANT does not deny necessarily that a coverage dispute does not exist with reference to PLAINTIFF's claim for indemnification for its loss. However, DEFENDANT asserts that such dispute should be resolved with Sentinel which is identified as the insurer under the Policy and not with DEFENDANT.

PLAINTIFF, however, asserts that the Policy was in fact issued by DEFENDANT, the claim was denied by DEFENDANT, and the communication regarding the claim took place with DEFENDANT and not with Sentinel.

PLAINTIFF also asserts that PLAINTIFF is more than willing to name Sentinel as a Co-defendant in this matter in the event that the Court grants DEFENDANT's motion to dismiss.

**B.    Applicable Legal Standards.**

When reviewing a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) the COMPLAINT is construed in the light most favorable to PLAINTIFF; the allegations of the COMPLAINT are taken as true and all reasonable inferences that can be drawing from the COMPLAINT are drawn in favor of PLAINTIFF. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2007); *National Audubon Soc., Inc. v. Davis*, 307 F. 3d 835 (9th Cir. 2002). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the law of the regional circuit in which the motion arises is controlling. See *McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354 (Fed. Cir. 2009).

Further, it has been long held that the COMPLAINT should be liberally

construed when examining the sufficiency of the pleading, "with a view to attaining substantial justice among the parties." PLAINTIFF has alleged sufficient facts to apprise DEFENDANT of the nature of the claim against them. In the interest of justice, the case should continue to discovery to afford PLAINTIFF the opportunity to substantiate its allegations.

The purpose of a motion to dismiss is to test the sufficiency of the COMPLAINT, not to rule on its merits. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In analyzing the motion, the court must accept the well-pleaded allegations as true and view those allegations in the light most favorable to plaintiff. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do ... . *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 1965. (internal quotations omitted).

"In ruling on a motion to dismiss, the material allegations of the COMPLAINT must be accepted as true, and the COMPLAINT is to be liberally construed in favor of the plaintiff." *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 73871, *15 (N.D. Ill. Aug. 20, 2009) "The COMPLAINT should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

### C. **DEFENDANT Is Not A Stranger to the Insurer-Insured Relationship**

Sentinel is a subsidiary that is wholly owned by DEFENDANT, as the Court

in *Sanchez v. Sentinel Insurance Company, ltd.*, pointed out. (*Sanchez v. Sentinel Insurance Company, Ltd.*, No. CV 15-00345 WJ/KK (United States District Court, D. New Mexico, June 29, 2015.))

DEFENDANT argues that it is a stranger to the insurer-insured relationship because it is not the insurer per Exhibit A attached to the underlying Complaint. However, DEFENDANT conveniently ignores the fact that the Policy is riddled with Hartford's name as the insurer, inclusive of its distinctive logo, and that the denial of coverage in or about April 9, 2019, came from DEFENDANT and not Sentinel.

The unity of DEFENDANT and Sentinel as the wholly owned subsidiary is treated as one corporation pursuant to Cal. Corp. Code §1107(b) as follows:

> *"(b) For purposes of subdivision (a), a surviving corporation may succeed without the payment of any local agency transfer fee to all licenses, permits, registrations, and other privileges granted by any local agency provided the merger does not result in a change of ownership. Examples of mergers that do not result in a change of ownership are mergers between any of the following: (1) a corporation and its wholly owned subsidiary; (2) a corporation and the wholly owned subsidiary of that corporation's wholly owned subsidiary; or (3) two wholly owned subsidiaries of the same parent corporation. The surviving corporation shall be subject to the same duties and obligations in connection with the license, permit, registration, or other privileges acquired from the disappearing corporations."*

California recognizes that a wholly owned subsidiary although possessing of a separate legal identity, it is nevertheless regarded the same as the parent/holding company which ultimately governs the activities of its subsidiary.

An example of this particular circumstance is found in the context of employment law where an employee sued both the subsidiary and the parent company for wages and hours violations. California's Court of Appeal for the

Second District, Division 6, observed in the matter of *Castaneda v. Ensign Group, Inc.*, 229 Cal.App.4th 1015 (2014) that "*An entity that controls the business enterprise may be an employer even if it did not "directly hire, fire or supervise" the employees.*" (*Guerrero v. Superior Court*, 213 Cal.App.4th 912 at p. 950 (2013.)

Cal. Insurance Code §826 provides the following definition of an "insurer" in relevant part:

> "*§826. "Insurer" for the purposes of this article includes every organization organized for the purpose of assuming the risk of loss under contracts of insurance or reinsurance, and also includes any of the following organizations:*
> *(a) An admitted insurer,*
> *(b) A non-admitted domestic insurer,*
> *(c) A non-admitted foreign insurer,*
> *(d) A non-admitted alien insurer,*"

The COMPLAINT clearly alleges that DEFENDANT is an insurer from whom PLAINTIFF purchased the Policy and to whom the claim was made by PLAINTIFF. At no time was the claim rerouted to Sentinel for investigation and processing and the ultimate denial came from DEFENDANT and not Sentinel.

The following paragraphs of the Complaint are instructive on this point:

> "*8. Plaintiff alleges that Plaintiff reported the loss to HARTFORD on or about March of 2019, and thereafter Plaintiff received a form known as "Authorization to Obtain Financial and Factual Information" from Defendants. Plaintiff signed the Authorization and returned the same to Defendants.*
> *9. Plaintiff alleges that soon after the claim was reported to HARTFORD, Plaintiff received a representation letter from Defendants' field claims representative, wherein claim number Y2H F 06985 was assigned to Plaintiff's claim.*
> *10. Plaintiff alleges that Plaintiffs representative gave an oral statement to HARTFORD'S senior claims representative Andrew Booth about the incident that caused Plaintiff's loss.*

*11. Plaintiff alleges that without conducting a proper investigation of the claim, on or about April 9, 2019, HARTFORD by way of its employee Andrew Booth denied the claim on the basis that the event was an excluded loss per section B of the policy which states: "B. EXCLUSIONS 2. We will not pay for physical loss or physical damage caused by or resulting from: f. False Pretense: Voluntarily parting with any property by you or anyone else to whom you have entrusted the property if induced to do so by fraudulent scheme, trick, device or false pretense." Plaintiff further alleges that when in a subsequent correspondence dated May 23, 2019, from Plaintiff to Mr. Booth, Plaintiff explained that the items were not entrusted to Ecom but sold, which rendered the exclusion inapplicable, Mr. Booth responded in a letter dated May 31, 2019, that HARTFORD'S position remained the same. Plaintiff alleges that HARTFORD's refusal to extend coverage for the loss is a breach of the terms of the policy and its failure and refusal to investigate the claim when in possession of new and different facts renders its conduct bad faith."*

The foregoing allegations establish DEFENDANT as the insurer irrespective of who the Policy identifies as the insurer because it is a matter of form rather than substance. DEFENDANT has handled PLAINTIFF's claim from the start to Sentinel's exclusion and as such DEFENDANT's claim that it is a stranger to the insurer-insured relationship is an unsupported fallacy.

The policy PLAINTIFF received which is attached as "Exhibit A" to PLAINTIFF's complaint, commences with a cover page that bears DEFENDANT'S generally known business logo, a fully-grown Deer, and a bold, large sized font title reading, "IMPORTANT NOTICE TO ***OUR POLICYHOLDERS***." (emphasis added).  See Exhibit A, page 1.  At page two of the policy, it reads, "Thank you for ***selecting the Hartford*** for your business ***insurance needs***." (emphasis added).  See Exhibit A, page 2.  The policy is replete with these misleading representations regarding the actual insurance carrier, an effort that can be nothing less than by design.  This is demonstrated by the fact

1  that Defendant's logo is in the policy paperwork received by PLAINTIFF no less
2  than 56 times. A less than detailed review of the 179 pages indicates that Sentinel
3  is mentioned less than a handful of times throughout all of the paperwork
4  forwarded to PLAINTIFF. The policy is always referred to as the "Spectrum
5  Policy" as a "product name" in a further effort to mislead.
6      Based on the foregoing law and authorities, even if Sentinel is an insurer in
7  name, DEFENDANT is also an insurer as the parent/holding company of the
8  wholly owned subsidiary known as Sentinel.
9      As such, DEFENDANT is subject to the provisions of the Policy as an
10 insurer and may not escape its responsibility for PLAINTIFF's alleged losses. P.
11 12(b)(6) the COMPLAINT is construed in the light most favorable to PLAINTIFF.
12 **D.    PLAINTIFF's Complaint meets F.R.C.P 8(a) pleading requirements.**
13     Fed.R.Civ.P. 8(a)(2) requires a short and plain statement of the claim
14 showing that the pleader is entitled to relief. Further, parties may allege matters
15 "on information and belief," but they must plead what information they do have
16 that leads them to believe that such allegations are true. See Fed.R.Civ.P.8(b)(5).
17     Once again, the purpose of a complaint is to give fair notice to a defendant
18 and the COMPLAINT provides ample facts to give a more than fair notice to
19 DEFENDANT and to enable DEFENDANT to respond to the COMPLAINT.
20     The COMPLAINT meets the pleading requirements under Fed.R.Civ.P. 8(a)
21 because the COMPLAINT provides far more than a plain statement of the claims
22 under the First and Second Causes of Action for Breach of Contract and Breach of
23 the Implied Covenant of Good Faith and Fair Dealing, respectively.
24     As noted in the above sections of this documents, PLAINTIFF has pled
25 sufficient facts to enable this court to infer that DEFENDANT is also an insurer

under the Policy because of the level of control it exerted over the processing and adjusting of PLAINTIFF's claim.

DEFENDANT fails to argue how these causes of action have been insufficiently alleged beyond arguing that it is absolved of any liability because it was not a party to the Policy. DEFENDANT also erroneously argues in its motion that PLAINTIFF has admitted that DEFENDANT is not the insurer. This is completely wrong, because no such allegation appears anywhere in the Complaint. The contrary, however, is true because the factual allegations of the Complaint show that DEFENDANT went well beyond a neutral parent/holding company and insurer by handling all aspects of the claim. Thus, DEFENDANT was much more than a casual observer of events and inserted itself directly in the insurer-insured relationship and provided the ultimate decision to deny the claim.

On these facts alone, DEFENDANT's motion must be dismissed for its failure to argue the insufficiency of the allegations of the first and second causes of action beyond a poor defense that it was not a party to the insurance contract between it and PLAINTIFF.

### E. The Misrepresentation and the Negligent Misrepresentation Claims Have Been Adequately Plead.

The tort of negligent misrepresentation is similar to fraud, except that it does not require scienter or an intent to defraud. The same elements of intentional fraud also comprise a cause of action for negligent misrepresentation, with the exception that there is no requirement of intent to induce reliance." (*Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, 245 Cal.App.4th 821, 845 (2016).)

Federal Rule of Civil Procedure 9(b) prescribes the standards for pleading a common law fraud claim. The Rule states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Hence, these two sentences spell out two distinct rules: (i) there is a special requirement for pleading fraud or mistake for at least certain elements; but (ii) scienter needs to only be pled through "general[]" allegations.

DEFENDANT argues in its motion that PLAINTIFF has failed to meet the strict pleading requirements of Rule 9(b) of the FRCP, and then completely ignores the paragraphs 5 to 11 factual allegations and the allegations under the causes of action for Intentional Misrepresentation, Negligent Misrepresentation and False Promise. The Complaint provide the substance of the misrepresentations by DEFENDANT and alleges that the representations were made by an agent of DEFENDANT, which is unknown to PLAINTIFF at this time. The allegations clearly set forth with particularity the circumstances constituting the false representations made by DEFENDANT and who made the representations on behalf of DEFENDANT. As such, fraud claims have been sufficiently alleged to provide the pleading specificity requirement of Rule 9(b).

**F.** **Punitive Damages Have Been Alleged with Sufficient Particularity.**

While a plaintiff must "state with particularity" the "circumstances constituting fraud," there are certain things that "may be alleged generally," "malice, intent, knowledge, and other conditions of a person's mind." Fed.R.Civ.P. 9(b). Because things such as knowledge and intent are "uniquely within another party's control," they may be pled on information and belief. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, at 1330 (Fed. Circuit 2009), *see also Simonian v. Cisco Systems, Inc.*, 1:10-cv-01306 (N.D.Ill., July 29, 2010).

Apparently, the framers of Fed.R.Civ.P. 9(b) were cognizant of the fact that plaintiffs could not read defendants' mind and could not find facts specific to defendants' "malice", "fraud", "Oppression", or "despicable conduct" without the

1 fact-finding process of discovery.

2     DEFENDANT focuses on ¶¶35, 55, 60 and 65 of the Complaint as culprits of conclusory statements and yet fails to acknowledge that certainly as to the Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing, ¶¶19 to 34 provide the specific facts showing the initial basis for the punitive damages prayer. DEFENDANT also fails to provide specifics as to how the other 15 paragraphs of allegations of the second cause of action are insufficiently alleged.

    Accordingly, PLAINTIFF's allegations that DEFENDANT's conduct warrants the imposition of punitive damages, is sufficient for this stage of the litigation.

## IV. CONCLUSION.

    For the foregoing reasons, PLAINTIFF respectfully requests that the Court deny DEFENDANT's motion to dismiss the COMPLAINT, or in the alternative PLAINTIFF be granted leave to amend the complaint to include additional factual allegation which the Court may deem necessary at the pleading stage, and also to allow PLAINTIFF to add SENTINEL as a defendant.

Respectfully submitted
**Law Offices of Mokri & Associates**

Date: August 30, 2019    By:   */S/ Brad A. Mokri*
          BRAD A. MOKRI,
          Attorney for Plaintiff
          MK MANAGEMENT INC.

**PROOF OF SERVICE**

I am a citizen of the United States and employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1851 E. First Street, Suite 900, Santa Ana, California 92705.

On August 30, 2019, I served the foregoing document(s) described as ***PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLIANT PURSUANT TO FRCP 12B(6)*** on the interested parties in this action by placing a true ( X ) copy ( ) original thereof enclosed in a sealed envelope addressed as follows:

John E. Feeley, Esq. / ifeeley@insurlaw.com
Michael L. Parker, Esq. / mparker@insurlaw.com
SMITH SMITH & FEELEY LLP
1401 Dove Street, Suite 610
Newport Beach, CA  92660
Fax No.: (949) 263-5925

( X ) **BY ELECTRONIC SERVICE:** I am familiar with the United States District Court /Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned Judge, and any registered users in the case. The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice , the following CM/ECF users were served.

(   ) **BY OVERNITE EXPRESS DELIVERY:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the OVERNITE EXPRESS DELIVERY DROP BOX on the same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

(   ) **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

(   ) **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee(s).

(   ) **BY FAX:**   (Code Civ. Prod.§ 1013(a),(e); Cal. Rules of Court, rule 2.306)-By transmitting said document(s) by electronic facsimile to the respective facsimile numbers(s) of the party(ies).  The facsimile machine I used complied with California Rules of Court, rule 2.3014, and no error was reported  by the machine.

( X ) **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the services is made.

Executed on August 30, 2019, at Santa Ana, California.

/s/ Gissou Mokri          .
Gissou Mokri

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS Case No.: 8:19-cv-01567