UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01567-DOC (ADSx)             Date: September 20, 2019

Title: MK MANAGEMENT v. HARTFORD CASUALTY INSURANCE CO. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS [12]

Before the Court is Defendant Hartford Casualty Insurance Company's ("Defendant") Motion to Dismiss ("Motion") (Dkt. 12) as to Plaintiff MK Management, Inc.'s ("Plaintiff") Complaint. The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers submitted by Plaintiff and Defendant, the Court GRANTS WITHOUT PREJUDICE Defendant's Motion.

I.   **Background**

   A.   **Facts**

The following facts are drawn from Plaintiff's Complaint against Ecom Direct, Inc. ("Ecom Complaint") (Dkt. 1, Attachment 2, Ex. 1), Plaintiff's Complaint against Defendant Hartford Casualty Insurance Company ("Hartford Complaint") (Dkt. 1, Attachment 2, Ex. 2), and the Hartford Financial Services Group, Inc. Form 10-K

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 19-01567-DOC (ADSx) | Date: September 20, 2019 |
| | Page 2 |

("Hartford 10-K") (Dkt. 18, Attachment 1, Ex. 3), of which the Court has taken judicial notice.[1]

Plaintiff MK Management is a California corporation doing business in California as CompuDirect 3000, Inc. Ecom Compl. ¶ 1. In late 2018 and early 2019, Plaintiff sold a total of $832,729.00 of laptop computers to Ecom Direct, Inc. *Id.* ¶ 7. After picking up the computers, Ecom delivered five checks as payment for Plaintiff's invoices, all of which bounced; as such, Ecom's entire balance with Plaintiff remains outstanding. *Id.* ¶¶ 9-11.

Prior to the sale of computers to Ecom, Plaintiff intended to secure insurance to cover losses in its business, including losses resulting from business transactions. Hartford Compl. ¶ 6. As such, Plaintiff purchased an insurance policy from the Hartford Financial Services Group, Inc. ("Hartford Financial"). *Id.* The policy was issued by Sentinel Insurance Company, Limited, a subsidiary of Hartford Financial. Ex. A to Hartford Compl.; Hartford 10-K. Plaintiff has consistently paid the necessary premiums under its policy from Hartford Financial. Hartford Compl. ¶ 5.

In March 2019, after Ecom failed to pay for the computers, informed Plaintiff that it was unable to do so, and refused to return the computers, Ecom Compl. ¶ 12, Plaintiff reported this loss to Hartford Financial, Hartford Compl. ¶ 8. An employee of Hartford Financial subsequently denied the claim, citing an exclusion in the policy for losses stemming from false pretenses (defined in the policy as "[v]oluntary parting with any property . . . if induced to do so by fraudulent scheme, trick, device or false pretense"). Hartford Compl. ¶ 11. Plaintiff responded to the employee by explaining that the items were sold, rather than entrusted, to Ecom, and the employee replied that Hartford Financial's position on the matter was unchanged. *Id.*

**B.    Procedural History**

Plaintiff filed the instant Complaint (i.e., the Hartford Complaint) on July 15, 2019 (Dkt. 1, Attachment 2, Ex. 2). Plaintiff named as defendants the Hartford Casualty Insurance Company ("Hartford Casualty"), as well as 100 Doe defendants, believed to be employees and agents of Defendant Hartford Casualty. Hartford Compl. ¶¶ 2-3. Plaintiff brings the following seven claims in the Hartford Complaint:

(1) breach of written contract, as against all Defendants;

---

[1] The Court addresses its decision to take judicial notice of this document in Section III, Requests for Judicial Notice, below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01567-DOC (ADSx)            Date: September 20, 2019
                                                                                                                      Page 3

(2) breach of the implied covenant of good faith and fair dealing, as against all Defendants;

(3) violation of Cal. Bus. & Prof. Code § 17200, as against all Defendants;

(4) common counts, for money had and received, as against all Defendants;

(5) intentional misrepresentation, as against all Defendants;

(6) negligent misrepresentation, as against all Defendants;

(7) fale promise, as against all Defendants.

*See generally* Hartford Compl.

On August 21, 2019, Defendant Hartford Casualty filed the instant Motion to Dismiss ("Motion") (Dkt. 12). On August 30, 2019, Plaintiff opposed the Motion ("Opposition") (Dkt. 17). Defendant Hartford Casualty replied ("Reply") (Dkt. 18) on September 6, 2019.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01567-DOC (ADSx)          Date: September 20, 2019
         Page 4

*Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.  Requests for Judicial Notice

Defendant Hartford Casualty requests that the Court take judicial notice of three documents, attached as Exhibits 1 and 2 to their first Request for Judicial Notice ("RJN 1") (Dkt. 12), and attached as Exhibit 3 to their second Request for Judicial Notice ("RJN 2") (Dkt. 18):

- Complaint in *MK Management, Inc. v. Ecom Direct, Inc.*, Orange County Superior Court, Case No. 30-2019-01055840-CU-BC-CJC (i.e., the Ecom Complaint);
- Complaint in *MK Management, Inc. v. Hartford Casualty Insurance Company*, Orange County Superior Court, Case No. 30-2019-01083278-CU-IC-CJC (i.e., the Hartford Complaint); and
- Hartford Financial Services Group, Inc.'s SEC Form 10-K filing for the fiscal year ending December 31, 2018 (i.e., the Hartford 10-K), including the cover page, table of contents, table of exhibits, signature pages, and Exhibit 21.01 (an Organizational List of Hartford Financial's domestic and foreign subsidiaries).

RJN 1 (Dkt. 12), Exhibits 1-2; RJN 2 (Dkt. 18), Exhibit 3.

Under Federal Rule of Evidence 201, a court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126,

1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *see also Reyn's Pasta Bella, LLC v. Visa USA*, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). The Court does not, however, take judicial notice of reasonably disputed facts contained within the judicially noticed documents. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Plaintiff has filed an evidentiary objection to Defendant's request for judicial notice with respect to Exhibit 3, the Hartford 10-K. Objection Opposition ("RJN Opposition") (Dkt. 20). Plaintiff advances two arguments for this objection: first, that the Hartford 10-K runs afoul of Federal Rule of Civil Procedure 27(a)(4); and second, that the Hartford 10-K is a "business record[]" subject to reasonable dispute and thus inadmissible under Federal Rule of Evidence 201.

However, Rule 27, which governs depositions to perpetuate testimony, is not relevant to a Form 10-K filed with the Securities and Exchange Commission. Further, Plaintiff offers no evidence to support the claim that the Hartford 10-K, a public record, is subject to reasonable dispute.

The Court therefore finds that, as public records, the above documents constitute judicially noticeable information. Accordingly, the Court GRANTS Defendant Hartford Casualty's Requests for Judicial Notice.

## IV. Discussion

In the instant Motion to Dismiss, Defendant Hartford Casualty seeks to dismiss all seven of Plaintiff's claims. *See generally* Mot. With respect to each claim, Defendant Hartford Casualty argues that Plaintiff's claim fails because Hartford Casualty is not the insurer that issued the policy and therefore cannot be liable for the alleged breaches of said policy.

As Defendant explains, Plaintiff's insurance policy was issued by Sentinel Insurance Company, Ltd., not by Hartford Casualty. *See generally* Mot.; *see also* Hartford 10-K. In particular, it appears that Plaintiff has confused Hartford Casualty Insurance Company—i.e., the instant Defendant—with its parent company, the Hartford Financial Services Group, Inc. (also known as "the Hartford"). Hartford Financial is *also* the parent company of Sentinel Insurance Company, Limited (again, the company that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01567-DOC (ADSx)            Date: September 20, 2019
           Page 6

actually issued the insurance policy to Plaintiff). Sentinel, and possibly Hartford Financial, appear to be the proper defendant(s) for Plaintiff's claims.[2]

As Plaintiff does not appear to have served the correct defendant(s), the Court GRANTS WITHOUT PREJUDICE the instant Motion.

## V.      Disposition

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss. Specifically, the Court GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss Plaintiff's Complaint (i.e., the Hartford Complaint).

Plaintiff may file an amended complaint, if so desired, **by October 4, 2019.**

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN            Initials of Deputy Clerk: djl

---

[2] As Plaintiff's claims fail because Defendant did not issue the insurance policy in question—a sufficient basis to grant the instant motion—the Court need not consider the alternative rationales Defendant sets forth with respect to Plaintiff's third through seventh causes of action, nor is it necessary to address Plaintiff's claims for punitive damages and treble damages at this time.